# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>William Cecil Romig,<br><br>Defendant. | Case No. 19-CR-323 (SRN/ECW)<br><br><br>**ORDER** |

Katharine T. Buzicky, U.S. Attorney's Office, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101, for the Government

William Cecil Romig, Reg. No. 09694-041, FCI-Florence Satellite Camp, P.O. Box 5000, Florence, CO 81226, Pro Se

SUSAN RICHARD NELSON, United States District Judge

Before the Court are two pro se motions filed by Defendant William Cecil Romig concerning his requests for pretrial discovery [Doc. Nos. 98 & 99]. For the reasons set forth below, the motions are denied.

## I.   BACKGROUND

In December 2019, Mr. Romig was charged with four counts of distribution of methamphetamine and one count of possession with intent to distribute methamphetamine. (Indictment [Doc. No. 1].) Mr. Romig, who was held in pretrial detention [Doc. Nos. 11, 46], was represented by counsel. In May 2020, his counsel filed seven pretrial discovery motions [Doc. Nos. 24–29, 31–32], along with three suppression motions [Doc. Nos. 33–34, 37]. A protective order applied to discovery in the case, requiring that if defense

counsel brought any protected discovery materials into a detention facility, the material would remain in defense counsel's possession and could not be left with the defendant. (Protective Order [Doc. No. 17] ¶¶ 3, 5.)

In September 2020, Mr. Romig announced his intention to plead guilty, and he entered a guilty plea in December 2020 [Doc. No. 48]. In June 2021, the Court sentenced him to a term of imprisonment of 180 months for possession with intent to distribute methamphetamine, to be served consecutively with a supervised release violation in case 00-CR-355 (JRT). (Sentencing J. [Doc. No. 74].) Mr. Romig did not file a direct appeal, nor did he seek collateral relief under 28 U.S.C. § 2255.

In the instant motions, Mr. Romig seeks underlying discovery material in his case, asserting that he was unable to review it previously. Invoking Federal Rule of Criminal Procedure 16, he requests that the Court order the Government to provide the complete case file, grand jury transcripts, all witness statements, investigator notes, communication between the Government and former defense counsel, all *Brady-Giglio* materials, and an itemized list of any documents not provided, with corresponding explanations for why the documents were withheld. (Def.'s Mot. for Discovery [Doc. No. 98] at 2.)

## II.    DISCUSSION

Mr. Romig's motions fail for several reasons. First, Rule 16 is a discovery rule that protects defendants by requiring the prosecution to disclose certain evidence before trial. *Yates v. United States*, 574 U.S. 528, 539 (2015). As a general matter, it governs only pretrial discovery. *United States v. Nobles*, 422 U.S. 225, 235 (1975) ("Both the language and history of Rule 16 indicate that it addresses only pretrial discovery."). Under Rule

2

16(a)(1)(E)(i), upon a defendant's request, the Government must produce documents and other tangible items "within the government's possession, custody, or control" if they are (i) "material to preparing the defense"; (ii) the government intends to use the evidence in its case-in-chief at trial; or (iii) the evidence was "obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E)(i). The information that Mr. Romig requests cannot be material to preparing his defense because he has already been convicted and sentenced. *See United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010) (stating that Rule 16 did not authorize discovery after conviction); *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir. 1999) (affirming denial of discovery under Rule 16 because requested information was not material to preparation of defense after defendant had pleaded guilty). Nor does the requested discovery constitute materials that the government intends to use at trial, because there was no trial. Not does it appear that any of the requested evidence belongs to Mr. Romig. In short, discovery under Rule 16, post-conviction, comes simply too late for Mr. Romig.

Second, Mr. Romig states that he needs the materials in support of his motion for compassionate release, "making access to his case materials [p]articularly urgent." (Def.'s Mot. for Discovery at 2.) However, the Court has already ruled on his compassionate release motion [Doc. No. 91], rendering moot his stated need for the discovery materials. Moreover, even if his compassionate release motion remained pending, Mr. Romig fails to explain how grand jury transcripts, witness statements, attorney communications, investigator notes, and *Brady-Giglio* materials would be remotely relevant to

3

compassionate release based on his medical issues and the need to care for his wife.  (*See* Def.'s Compassionate Release Mot. [Doc. No. 82] at 1–4.)

Third, as to *Brady* materials in particular, under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Government is required to disclose any evidence that is "favorable to an accused" and is "material either to guilt or to punishment."  *United States v. Pryor*, 141 F.3d 1171 (8th Cir. 1998) (citations omitted).  However, after trial, the *Brady* rule is limited only to the discovery "which had been known to the prosecution but unknown to the defense."  *Id.*  Mr. Romig's request for *Brady* materials must be premised on an alleged *Brady* violation, but he fails to identify a basis for a violation.

Fourth, as to grand jury transcripts, disclosure of grand jury materials otherwise prohibited by Federal Rule of Criminal Procedure 6(e) may be made when permitted by a court "at the request of a defendant, who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  Even then, a defendant must show a "particularized need" for the materials. *United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997)).  Here, in the post-conviction context, Mr. Romig is well past the point of moving to dismiss the Indictment, nor has he shown any particularized need for grand jury materials that are generally not subject to disclosure.

Fifth, as to witness statements, the Jencks Act, 18 U.S.C. § 3500, dictates when prosecutors must disclose statements or reports made by government witnesses.  It requires the government to produce such statements to the defense only after the witness has testified on direct examination at trial.  *Id.* § 3500(a).  Again, because of Mr. Romig's

guilty plea, there was no trial. The Government has no duty to produce Jencks Act material under these circumstances.

Finally, the Court rejects Mr. Romig's argument that the Government has waived its opposition to his post-conviction Rule 16 motions by failing to respond to them. (Def.'s Mot. for Request to Submit at 1.) The Court did not establish a briefing schedule, as post-conviction discovery under Rule 16 is simply unavailable.

For all of these reasons, Mr. Romig has failed to provide any legal basis for the requested discovery. Accordingly, the Court denies his motions.

## III.    ORDER

Based on the submissions and the entire file and proceedings herein, **IT IHEREBY ORDERED** that

1.  Defendant's Pro Se Motion for Discovery [Doc. No. 98] is **DENIED**.

2.   Defendant's Pro Se Motion for Request to Submit [Doc. No. 99] is **DENIED**.


Dated: June 3, 2026                                    s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge